## In re NORTHERN & PARSONS, Inc.

### No. 38263.

District Court, E. D. New York.

Dec. 5, 1940.

Irving L. Weishar, of Brooklyn, N. Y., for petitioner.

Weinshenker & Weinshenker, of New York City, for trustee.

MOSCOWITZ, District Judge.

Bedford Refrigeration Service Corporation, the petitioner, seeks to review the order of the Referee dated October 28, 1940.

The petitioner, a judgment creditor of the bankrupt, on September 5, 1940, made a motion before the Referee for an order directing the trustee in bankruptcy to turn over to it certain chattels, it being the petitioner's claim that it had obtained title to these chattels under a judgment recovered in the Municipal Court of the City of New York against the bankrupt prior to its adjudication, pursuant to which judgment a levy was made and a Marshal's sale thereafter had at which the petitioner was the purchaser.

The levy upon which the sale was had was the result of a summary judgment and the proposed affidavit upon which the summary judgment was docketed was based upon an affidavit which was improperly verified. Rule 113 of the Rules of Civil Practice Act provides that a motion for summary judgment must be made upon an affidavit of a party or of any other person having knowledge of the facts.

Undoubtedly, the State Court would have denied the motion if it had been opposed and its attention was called to the fact that the affidavit was unverified, or it may have given the party seeking relief an opportunity to file a properly verified affidavit.

The State Court had jurisdiction of the parties and the subject matter and its judgment cannot be collaterally attacked, therefore the determination of the Referee will be reversed.

Settle order on notice.